NEAL S. SALISIAN, SBN 240277
neal.salisian@salisianllp.com
JARED T. DENSEN, SBN 325164
jared.densen@salisianllp.com
PATTY W. CHEN, SBN 322992
patty.chen@salisianllp.com
**SALISIAN LLP**
550 South Hope Street, Suite 750
Los Angeles, California 90071-2686
Telephone:   (213) 622-9100
Facsimile:   (800) 622-9145

MICHELLE A. CHIONGSON, SBN 221740
michelle.chiongson@amerisbank.com
**AMERIS BANK**
575 Anton Boulevard, Suite 1080
Costa Mesa, California 92626
Tel: (949) 399-6303

Attorneys for Plaintiff
AMERIS BANK d/b/a BALBOA CAPITAL

THE UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMERIS BANK, a Georgia state-chartered banking corporation, doing business as BALBOA CAPITAL, <br><br> Plaintiff, <br><br> vs. <br><br> HWY SMOKE & LIQUOR INC, a Michigan domestic profit corporation; LOCKPORT INC., a Michigan domestic profit corporation; and BIMALJIT MUNDER, an individual, <br><br> Defendants. | Case No. <br><br> **PLAINTIFF'S COMPLAINT FOR BREACH OF SETTLEMENT AND RELEASE AGREEMENT** |

Plaintiff Ameris Bank, a Georgia state-chartered banking corporation doing business as Balboa Capital ("Balboa" or "Plaintiff"), alleges as follows:

## PARTIES AND JURISDICTION

1.     Plaintiff Ameris Bank d/b/a Balboa Capital ("Balboa" or "Plaintiff") is, and at all times relevant to this action was, a Georgia state-chartered banking corporation with Balboa Capital as one if its divisions, which division has its principal place of business in the State of California, County of Orange.

2.     Defendant Hwy Smoke & Liquor Inc ("Hwy Smoke") is, and at all times relevant to this action was, a Michigan domestic profit corporation, incorporated in Michigan, with its principal place of business in the County of Calhoun, State of Michigan.  Thus, Hwy Smoke is a citizen of the State of Michigan.

3.     Defendant Lockport Inc. ("Lockport") is, and at all times relevant to this action was, a Michigan domestic profit corporation, incorporated in Michigan, with its principal place of business in the County of St. Joseph, State of Michigan.  Thus, Lockport is a citizen of the State of Michigan.

4.     Defendant Bimaljit Munder ("Munder") (collectively with Hwy Smoke and Lockport, "Defendants"), an individual, is, and at all times relevant to this action was, a resident of County of Calhoun, Michigan, and was an officer, shareholder, director, agent and/or owner of Defendant Hwy Smoke and Defendant Lockport.  Based on information and belief, including the Driver's License submitted by Munder to Balboa, Munder is domiciled in Battle Creek, Michigan 49015-9349.  Thus, Munder is a citizen of the State of Michigan.

5.     Plaintiff is informed and believes, and thereon alleges, that each Defendant, directly or indirectly, or through agents or other persons, was engaged with some or all of the other Defendants in a joint enterprise for profit, and bore such other relationships to some or all of the other Defendants so as to be liable for their conduct with respect to the matters alleged below.  Plaintiff is informed and

believes and thereon alleges that each Defendant acted pursuant to and within the scope of the relationships alleged above, that each Defendant knew or should have known about the foregoing, and that each Defendant authorized, ratified, adopted, approved, controlled, and aided and abetted the conduct of all other Defendants.

6.      The obligations sued upon herein are commercial in nature and the Complaint herein is not subject to the provisions of California Civil Code Sections 1801, *et seq.* (Unruh Retail Installment Sales Act) and/or California Civil Code Sections 2981, *et seq.* (Rees-Levering Motor Vehicle Sales and Finance Act).

7.      Pursuant to the Settlement and Release Agreement described herein, Defendants agreed that document would be governed by the laws of the State of California.  In addition, the Settlement and Release Agreement provides, in pertinent part, as follows:

> 7. Enforcement And Jurisdiction. The U.S. District Court for the Central District of California shall retain jurisdiction to enforce the terms of this Settlement Agreement.

8.      Jurisdiction.  This Court has jurisdiction over the case pursuant to 28 U.S.C. § 1332(a).

9.      Specifically, as described above, Balboa is a citizen of the States of Georgia and California; Hwy Smoke is a citizen of the State of Michigan; Lockport is a citizen of the State of Michigan; and Munder is citizen of the State of Michigan. As such, none of the Defendants are citizens of California or Georgia, and there exists complete diversity of citizenship between Plaintiff and Defendants.  Lastly, as alleged herein, the amount in controversy exceeds $75,000.

10.     Venue.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) and in the Southern Division pursuant to 28 U.S.C. § 84(c)(3).

11.     All officers of Balboa, including all witnesses, and all of Balboa's documents are located in the State of California, County of Orange.  The

2

COMPLAINT

transactions at issue in this Action occurred in the State of California, County of Orange.

## FIRST CAUSE OF ACTION

### (Breach of Settlement and Release Agreement)

### (Against All Defendants)

12.     Balboa alleges and incorporates by reference each and every allegation contained above, inclusive, as though each were fully set forth here.

13.     On or about June 13, 2025, Balboa and Defendants executed a certain written Settlement and Release Agreement (the "SRA").  A true and correct copy of the SRA is attached as **Exhibit A** and is incorporated herein by reference.

14.     Under the terms of the SRA, Defendants were obligated to pay to Balboa the total sum of One Hundred Sixty Thousand Five Hundred Fifty-One Dollars and Three Cents ($160,551.03) (the "Settlement Amount") in full and complete settlement of all amounts then due and owing by Defendants for Equipment Financing Agreement No. L520742-000 (the "EFA").  The Settlement Amount was to be paid in one (1) monthly payment of $3,124.53 on or before May 12, 2025, and fifty (50) continuous monthly payments of $3,124.53 continuing on the 12th day of each and every month up to and including July 12, 2029, and one final payment of $1,200.00 on August 12, 2029.

15.     The last payment received by Balboa was credited toward the monthly payment due for June 12, 2025.  Therefore, on or about July 12, 2025, Defendants breached the SRA by failing to make the monthly payment when due.  Defendants' failure to make timely payments is a default under the terms of the SRA.

16.     Pursuant to the SRA, on August 14, 2025, Balboa served Defendants with a Default Cure Notice.  Defendants failed to cure.  A true and correct copy of the Default Cure Notice is attached as **Exhibit B**.

17.     In accordance with the SRA, and as a proximate result of Defendants' default thereunder, Balboa declared the entire balance of all payments under the

3

Salisian LLP

SRA to be immediately due and payable to Balboa.  Therefore, there became due the sum of $154,301.97.  These amounts are exclusive of interest, attorneys' fees and costs, no portion of which sum has been paid by Defendants.

18.    Balboa has performed all of the terms, conditions, and covenants required to be performed by it under the terms of the SRA, except as excused or prevented by the conduct of Defendants.

19.    As a proximate result of Defendants' breach of the SRA, Balboa has been damaged in the total sum of **$154,301.97**, plus prejudgment interest from July 12, 2025, until the entry of judgment herein.

20.    Further, under the terms of the SRA, the non-prevailing party in any dispute, claim, arbitration, or litigation based upon, arising out of, or relating to the breach, enforcement, or interpretation of the SRA is to pay all costs, including reasonable attorneys' fees, incurred by the prevailing party.  Therefore, Balboa requests the Court award Balboa its reasonable attorneys' fees and costs as against Defendants.

**<u>PRAYER FOR RELIEF</u>**

WHEREFORE, Plaintiff Balboa prays for judgment against Defendants, and each of them, as follows:

1.    The sum $154,301.97

2.    Prejudgment interest from July 12, 2025 to the date of entry of judgment;

3.    Reasonable attorneys' fees and costs;

4.    Costs of suit as provided by law; and

//

//

//

//

//

4

Salisian LLP                                                                      COMPLAINT

//

5.    Such other and further relief that the Court considers proper.


DATED: May 27, 2026          **SALISIAN LLP**


By: _____
        Jared T. Densen
        Neal S. Salisian
        Patty W. Chen

*Attorneys for Plaintiff*
AMERIS BANK d/b/a BALBOA CAPITAL

5

**Salisian** LLP                                      COMPLAINT