# EXHIBIT "A"

## SETTLEMENT AND RELEASE AGREEMENT

This Settlement and Release Agreement (the "Agreement") shall be effective as of the date of the last signature affixed hereto, and is entered into by and between defendants Hwy Smoke & Liquor Inc, a Michigan domestic profit corporation ("Hwy"), Lockport Inc., a Michigan domestic profit corporation ("Lockport"), and Bimaljit Munder, an individual ("Munder") (collectively with Hwy and Lockport, "Defendants") on the one hand, and Plaintiff Ameris Bank d/b/a Balboa Capital ("Balboa"), on the other hand [hereinafter, Defendants and Balboa are collectively referred to as the "Parties"].

## RECITALS

This Agreement is entered into on the basis of the following facts and contentions:

A.      On or about August 13, 2024, Defendants executed that certain written Equipment Financing Agreement No. L520742-000 (the "EFA"), which contained a personal guaranty signed by Munder (the "Personal Guaranty") and a corporate guaranty signed by Lockport (the "Corporate Guaranty"), under the terms of which Balboa loaned to Hwy a sum of $147,895.95 in order to finance equipment for its business (the "Collateral"). The EFA required sixty (60) monthly payments of $3,124.53, beginning on September 12, 2024.

B.      On or about January 12, 2025, Hwy breached the EFA, Munder breached the Personal Guaranty, and Lockport breached the Corporate Guaranty, by failing to make the monthly payment when due, leaving a balance due of $171,849.15, including late fees.

C.      On or about April 7, 2025, Balboa filed a Complaint for Breach of the EFA, the Personal Guaranty, and the Corporate Guaranty, thereby instituting the action entitled *Ameris Bank d/b/a Balboa Capital vs. Hwy Smoke & Liquor Inc, et al*, in the United States District Court, Central District of California – Southern Division, Case No. 8:25-cv-00702-KES (the "Action").

D.      The Parties now wish to resolve all matters relating to the Action by entering into this Agreement under the terms and conditions set forth below.

## TERMS AND CONDITIONS

NOW, THEREFORE, incorporating the foregoing recitals, and in consideration of the representations, warranties, releases, and promises contained herein, the Parties agree to the following terms and conditions:

1

1. <u>Payment of Settlement Proceeds</u>. Defendants shall pay to Balboa the total sum of $160,551.03 (the "Settlement Amount") in full and complete settlement of all amounts Balboa claims is due and owing to it by the Defendants. Payment of the Settlement Amount shall be as follows:

(a) Defendants shall make their first monthly payment of $3,124.53 on or before May 12, 2025, and fifty (50) continuous monthly payments of $3,124.53, continuing on the 12th day of each and every month up to and including July 12, 2029. Thereafter, Defendants shall make one final payment of $1,200.00 on August 12, 2029.

(b) Balboa retains the right, at all times, to require payment of any ancillary fee or charge as set forth in the EFA. Defendants will not be assessed a penalty for pre-payment of the above payments.

(c) Defendants shall be entitled to keep the equipment that is the subject of the EFA.

(d) Payments are to be made by way of ACH. Defendants authorize Balboa to initiate debit entries to the following checking account indicated below, in the amounts and dates set forth above:

Name of Financial Institution: █████████████

Account Number: █████████████

ABA Number (9-digit number on bottom of check): █████████

SSN/Tax ID #: █████████

2. <u>Stipulation for Dismissal of the Action Without Prejudice</u>. Concurrent with the execution of the instant Agreement, Defendants agree to execute jointly with Balboa a Joint Stipulation For Dismissal Without Prejudice Pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii) (the "Dismissal Stipulation"), a true and correct copy of which is attached hereto, marked as Exhibit "1" and incorporated herein by this reference, and by which the Parties will dismiss the Action without prejudice, with the Court retaining jurisdiction to enforce the instant Agreement. Within five (5) days of the execution of this Dismissal Stipulation and the Agreement, whichever date is later, Balboa will file the Dismissal Stipulation with the Court. The Parties agree that the Court shall retain jurisdiction of the matter to enforce and interpret this Agreement, until all the terms of this Agreement have been fully performed. The Court will retain jurisdiction over

2

this matter in the event of a default by the Defendants and be allowed to enter judgment, pursuant to the Judgment Stipulation below.

3. Stipulation for Entry of Judgment. As security for this Agreement, Balboa and Defendants have agreed to enter into a Stipulation re: Vacating Dismissal and Entry of Stipulated Judgment ("Judgment Stipulation"), a true and correct copy of which is attached hereto, marked as Exhibit "2" and incorporated herein by this reference, and by which the Parties will stipulate to vacate the dismissal of the Action, and stipulate to have the Court enter judgment in the Settlement Amount, less all payments made by Defendants pursuant to this Agreement, plus Balboa's attorney's fees and costs. The Stipulation is not to be filed unless Defendants are in breach of the Agreement, as set forth below.

4. Notice-and-Cure on Installments. In the event an installment payment is not timely received by Balboa as recited in Section 1, a written Notice of Default will be issued to the Defendants requiring a cure within three (3) days from the date of notice (the "Cure Period"). In the event the Defendants fail to cure the late installment within the Cure Period, Balboa may, at its election, declare the Agreement in default, accelerate all sums due, and exercise all remedies pursuant to this Agreement. Balboa may at its sole discretion elect to accept a payment made after the expiration of the Cure Period without waiving its other rights and remedies. All Notices required herein shall be provided via United States Postal Service and electronic mail, and addressed as follows:

To Defendants:

Hwy Smoke & Liquor Inc.
c/o _____
Its _____
Address: _____
Email: _____

Lockport Inc.
c/o _____
Its _____
Address: _____
Email: _____

Bimaljit Munder
Address: _____
_____
Email: _____

3

Defendants acknowledge and agree that their right to cure set forth in the preceding paragraph shall only be allowed one time. That is, Balboa is required to only send one cure notice. After the Defendants have been in default one time by failing to make timely payments under this Agreement and Balboa has notified the Defendants in writing of same, Defendants agree that no further cure rights exist hereunder and immediately upon such second event of default, without further notice to Defendants, Balboa shall have the right to exercise such other rights as may be provided by this Agreement.

5. Mutual Releases.

5.1    Subject to the terms and conditions of this Agreement and notwithstanding the provisions of Section 1542 of the California Civil Code, the Parties, individually and on behalf of their respective predecessors, successors, agents, employees, assigns, independent contractors, administrators, trustees, heirs, attorneys, officers, directors, stockholders, affiliated corporations and subsidiaries, do hereby release, acquit and forever discharge each other, and their respective predecessors, successors, agents, employees, assigns, independent contractors, administrators, trustees, attorneys, officers, directors, stockholders, affiliated corporations and subsidiaries of and from any and all claims, causes of action, rights, obligations, debts, liabilities, accounts, liens, damages, losses and expenses of any kind and nature whatsoever, whether known or unknown, foreseen or unforeseen, patent or latent, suspected or unsuspected, contingent or unliquidated, which any Party previously had, currently has or may have, arising from, accrued under, relating to, or based upon any cause, matter or reason, and any and all claims which could have been asserted in such proceedings, claims, and/or the Action.

5.2    The Parties agree to waive all of their rights under Section 1542 of the California Civil Code, which provides:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.

4

The Parties acknowledge that they may later discover facts different from, or in addition to, those which they now know and believe, or should now know and believe, to be true with respect to the releases herein made.  The Parties agree that their release is and will remain effective notwithstanding the existence, and/or subsequent discovery, of such additional facts.

5.3    The release set forth in section 5.1 above, is not intended to, and shall not, extend to or otherwise release or discharge any rights, privileges, benefits, duties, obligations, agreements, promises, or representations of any of the Parties existing by reason of, or otherwise arising under, this Agreement.

6. Applicable Law.

This Agreement shall be governed by and interpreted, construed and enforced pursuant to the laws of the State of California.

7. Enforcement And Jurisdiction.

The U.S. District Court for the Central District of California shall retain jurisdiction to enforce the terms of this Settlement Agreement.

8. No Oral Waiver Or Modification.

No waiver or modification of the terms of this Agreement shall be binding unless made in writing and signed by all Parties.

9. Integrated Agreement.

This Agreement constitutes the entire agreement made by and between the Parties pertaining to the subject matter hereof, and fully supersedes any and all prior or contemporaneous understandings, representations, warranties, and agreements made by the Parties hereto or their representatives pertaining to the subject matter hereof.  The Parties have not relied on any facts, statements, or the failure by any Party to make statements or disclose facts, in entering into this Agreement.  No extrinsic evidence whatsoever may be introduced in any judicial proceeding involving the construction or interpretation of this Agreement.

10. Attorneys' Fees And Costs.

Except as otherwise expressly provided herein, the Parties shall bear their own expenses and costs, including, but not limited to, attorneys' fees and court costs. However, in any action or proceeding between or among the Parties hereto at law or in equity with respect to, pertaining to, or arising from this Agreement, whether for enforcement, or for damages by reason of any alleged breach, or for a declaration of rights or obligations, or otherwise, and including any appeal,

contempt proceeding, bankruptcy proceeding, and any action or proceeding to enforce and/or collect any judgment or other relief granted, whether or not such action or proceeding is compromised or is prosecuted to final judicial determination, the unsuccessful party to the litigation shall pay to the prevailing party, in addition to any other relief that may be granted, all costs and expenses of the litigation, including without limitation, the prevailing party's reasonable attorneys' fees.

11. Bankruptcy Preference Or Fraudulent Transfer Reviver Of Claim.

The other provisions of this Agreement notwithstanding, in the event that the Defendant become debtors as that term is defined in 11 U.S.C. §101(13) pursuant to an action initiated under 11 U.S.C. §301 or 303 of Title 11 of U.S. Code and if Balboa is thereafter timely named as a Defendant in an action brought under 11 U.S.C. § 547, et al. or 11 U.S.C. § 547, at al., and is required to turnover the payment(s) made pursuant to this Agreement, then the entire claim of Balboa shall be revived for purposes of participation, if applicable, in the insolvency proceedings referenced hereinabove less credit for any and all amounts retained by Balboa notwithstanding said insolvency proceedings.

12. Fraudulent Conveyance Reviver Of Claim.

The other provisions of this Agreement notwithstanding, in the event Balboa is named as a Defendant in an action brought to recover a fraudulent conveyance as that term is defined in California Civil Code Section 3439, et al., or other applicable statutes, and if Balboa is thereafter required to turnover the payments made pursuant to this Agreement in said action, then the entire claim of Balboa as against Defendants shall be revived, but only to the extent of the payment actually made by Balboa within said action.

13. Binding On Successors.

This Agreement shall inure to the benefit of, and shall be binding upon, each Party hereto and its successors.

14. Severability.

In the event any part of this Agreement is deemed unenforceable, the unenforceable provisions will be severed and the remaining provisions shall survive.

15. Non-Disparagement.

From and after the effective date of this Agreement, the Parties agree not to make any statement, oral or written, which impugns the character or integrity of the other, or the other's

business practices, or to make any other disparaging or derogatory remarks about the other. Should any person or entity inquire about the Parties' prior business dealings, the Party who receives the inquiry may respond only by stating that "the Parties had prior business dealings with each other and all matters among them have been resolved to their mutual satisfaction. The exact terms of the resolution are confidential."

16. Counterparts.

This Agreement may be executed and delivered in separate counterparts, each of which, when so executed and delivered, shall be an original, but such counterparts together shall constitute but one and the same instrument and agreement. Electronic signatures shall be effective and shall have the same force and effect as original signatures.

17. Further Assurances.

The Parties shall each execute any and all other documents and take any and all further steps which may be necessary or appropriate to further implement the terms of this Settlement Agreement.

18. No Presumption From Drafting.

This Settlement Agreement has been negotiated at arms' length between persons knowledgeable in these matters on behalf of all the Parties. Accordingly, any rule of law, including, but not limited to, California Civil Code section 1654, or any other statutes, legal decisions, or common law principles of similar effect, which would require interpretation of any ambiguities in this Settlement Agreement against the Party that has drafted it, has no application and is hereby expressly waived.

19. No Waiver.

A Party's failure to insist on the strict performance of any covenant or duty required by the Agreement, or failure to pursue any remedy under the Agreement, shall not constitute a waiver of the breach or the remedy.

20. Representations.

Each of the Parties represents and warrants that the person executing this Agreement on its behalf has been duly authorized to take such action on behalf of such party.

21. Confidentiality.

The Parties hereto agree that the terms and conditions of this Agreement, and any and all actions taken in accordance herewith, are confidential and shall not be disclosed, discussed or revealed to any other person or entity, except an attorney, financial advisor, accountant, regulator, or as required by law.

22. Additional Security.

Defendants hereby grant to Balboa a continuing security interest in and to any and all "Collateral" as described below to secure payment and performance of all debts, liabilities and obligations of Defendants to Balboa hereunder and also any and all other debts, liabilities and obligations of Defendants to Balboa of every kind, now existing or hereafter arising, regardless of how they arise or by what agreement or instrument they may be evidenced without limitation, all interest, other fees and expenses (all hereinafter called "Obligations"). The Collateral includes the following property that Defendants now own or will acquire: (i) any and all tangible and intangible personal property, including, but not limited to (a) accounts and accounts receivable, (b) inventory, (c) equipment (d) general intangibles (e) as-extracted collateral as such terms may from time to time be defined in the Uniform Commercial Code. Defendants agree that Balboa and/or Balboa's Representative may file any financing statement, lien entry form or other document Balboa and/or Balboa's Representative requires in order to perfect, amend or continue Balboa's security interest in the Collateral.

[INTENTIONALLY LEFT BLANK]
[*SIGNATURES ON FOLLOWING PAGE*]

8

IN WITNESS WHEREOF, the Parties have executed this Agreement on the dates set forth opposite their respective signatures.

Dated: June 3, 2025

**HWY SMOKE & LIQUOR INC**

By: _____

Its: OWNER

Dated: June 3, 2025

**LOCKPORT INC.**

By: _____

Its: OWNER

Dated: June 3, 2025

**BIMALJIT MUNDER**

By: _____
Bimaljit Munder

Dated: June 1, 2025

**AMERIS BANK d/b/a BALBOA CAPITAL**

By: James J. Grant
James Grant,
Vice President

9

# EXHIBIT "B"

# Salisian|Lee LLP

**Jared T. Densen**
Associate
(213) 622-9100
Jared.densen@salisianlee.com

August 14, 2025

**VIA U.S. PRIORITY MAIL AND E-MAIL**

Hwy Smoke & Liquor Inc.
c/o Karmandeep Singh Munder,
Registered Agent for Service
232 Minges Hills Drive,
Battle Creek, Michigan 49015

Lockport Inc.
c/o Karmandeep Singh Munder,
Registered Agent for Service
232 Minges Hills Drive,
Battle Creek, Michigan 49015
Email: kmunder@yahoo.com

Bimaljit Munder

████████████████
████████████████

> Re:    ***Balboa Capital v. Hwy Smoke & Liquor Inc., et al.*** **(United States District Court, Case No. 8:25-cv-00702-KES):** __NOTICE OF DEFAULT__

Mr. Munder,

Please be advised that this firm represents Plaintiff Balboa Capital ("Balboa") regarding the outstanding debt owed to it by Hwy Smoke & Liquor Inc. ("Hwy Smoke"), Lockport Inc., ("Lockport"), and Bimaljit Munder ("Bimaljit") (collectively, "Defendants").

This letter serves as notice of Defendants' default of settlement agreement and of Balboa's intent to enter judgment against Defendants.

On April 7, 2025, Balboa filed a Complaint against Defendants in the United States District Court for the Central District of California.  On or about June 3, 2025, Balboa and Defendants reached a settlement, under which Defendants were to make payments (the "Settlement Agreement").  In connection with that Settlement Agreement, Defendants executed a stipulation for the entry of judgment against Defendants upon default (the "Stipulation for Judgment").

Defendants have ceased making payments under the Settlement Agreement, resulting in a default. As of the date of this letter, the base amount due to Balboa from Defendants is **$6,249.06**, in addition to attorneys' fees and costs and interest that is accruing daily.

---

Hwy Smoke & Liquor, Inc.
August 14, 2025
Page 2

Based on this default, Balboa can and intends to file the Stipulated Judgment for the remaining balance, plus attorneys' fees and interest as provided by the Settlement Agreement, **unless $6,249.06 is paid by <u>Tuesday, August 19, 2025.</u>** Should payment in full not be made by then, judgment will be entered immediately, and judgment enforcement efforts will commence against your assets.

Please contact my office to acknowledge your receipt of this correspondence and to indicate whether you will be curing your default. No further notice will be given. Given the gravity of the situation, your immediate response is anticipated.

This letter is not a complete recitation of Balboa's rights and remedies, all of which are expressly reserved.

Sincerely,

Jared T. Densen, Esq.

cc:     Neal S. Salisian, Esq.
        Patty Chen, Esq.